NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ORELLANA,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>RAYMOND MADDEN, Warden,<br><br>               Respondent-Appellee. | No.   17-56717<br><br>D.C. No.<br>2:16-cv-02316-FMO-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted December 12, 2019**
Pasadena, California

Before:  BOGGS,*** WARDLAW, and BEA, Circuit Judges.

Juan Orellana is a prisoner in the California penal system serving a term of

15 years to life for convictions of oral copulation with a child and committing a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

lewd act on a child. He appeals the district court's denial of his petition for a writ of habeas corpus made under 28 U.S.C. § 2254. The sole question we must decide is whether it was "contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court caselaw for the California Court of Appeal to conclude that Orellana did not invoke unambiguously his right to have an attorney present during police interrogation. *See* 28 U.S.C. § 2254(d)(1). We hold that the California Court of Appeal did not violate this standard and affirm the district court in denying Orellana's habeas petition.

At the outset of the interrogation, Detective Hernandez read Orellana his *Miranda* rights. After she read each right to him, Detective Hernandez asked Orellana if he understood the right; each time Orellana responded, "Yes." After Detective Hernandez read Orellana his rights, and after he responded that he understood his rights, the detective asked Orellana why he had skipped his appointment with the detective for a voluntary interview. Orellana responded: "Yes, and then I talked to the attorney 'cause I had already paid her, and she told me, 'You can't go because first—' she said . . . ." Detective Hernandez then interrupted Orellana to tell him "it's not the attorney's decision," and if Orellana wanted to talk about the case, Detective Hernandez could discuss it with him. Orellana continued to talk with Detective Hernandez voluntarily and never asked to speak to his attorney.

Orellana's "reference to an attorney . . . [was] ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that [he] *might* be invoking the right to counsel," not that he necessarily did invoke his right. *Davis v. United States*, 512 U.S. 452, 459 (1994). Orellana's answer referencing an attorney was given in response to a question regarding why Orellana had skipped the scheduled voluntary interview. The statement was clear on two facts: (1) Orellana had retained counsel, and (2) Orellana's counsel told him not to attend the voluntary interview. No other information was clearly conveyed in the statement, and the words used did not express an unambiguous request for the presence of an attorney. Detective Hernandez was not required to stop the interrogation just because Orellana referenced his attorney; the burden was on Orellana to "unambiguously request counsel." *Id.*

The California Court of Appeal's decision that Orellana's Fifth Amendment rights were not violated when questioning continued because he "had not unambiguously demanded counsel," *People v. Orellana*, No. B255892, 2015 WL 1954474, at *7 (Cal. Ct. App. Apr. 30, 2015), applied the correct legal standard and was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The district court was correct to deny Orellana's habeas petition.

**AFFIRMED**.